ANDREW BENTLE v. JOHN GRAVES.

[Abstract Kentucky Law Reporter, Vol. 1—338.]

**Eviction as Defense to Suit for Purchase Money.**

Where a purchaser is forced to yield to a paramount title, even though he does so without a suit being brought against him, he has a good defense against a suit brought on a note executed by him for the purchase money of such land.

APPEAL FROM PENDLETON CHANCERY COURT.

October 16, 1880.

OPINION BY JUDGE PRYOR:

It is certain from the testimony in this case that at the time the four acres of land were allotted to the appellant they were in the actual possession of Ford's heirs, and this fact was known to the appellant; but whether he knew this fact or not is immaterial to the present controversy. He had no right to enter upon and oust the joint tenants then in the possession, so as to prevent partition, or to take from them the right to their respective interest when the division took place.

The appellant, however, nor his vendees, were never in the possession, unless the fact of the execution of the deed gave them possession. The land was not enclosed by them, except perhaps a small strip upon which a part of the-fence stood; nor does it appear that the fence was built by either the appellant or his vendees. The land was surrendered to the appellant without an action against him; still, he has shown that he yielded to a paramount title, and the judgment below refusing to render a judgment for the note was proper, and is *affirmed.*

C. H. Lee, for appellant.    J. W. Edwards, for appellee.